# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
      **Plaintiff,**

    **v.**                                               **Case No. 07-CR-87**

**PHITSAMAY VANXAY**
      **Defendant.**

## SENTENCING MEMORANDUM

Defendant Phitsamay Vanxay pleaded guilty to conspiring to distribute ecstasy, 21 U.S.C. §§ 841(a)(1), (b)(1)(C) & 846, and I set the case for sentencing. In imposing sentence, I follow a two-step procedure: (1) calculate the advisory guideline range, then (2) select a sentence that is sufficient but not greater than necessary under all of the factors set forth in 18 U.S.C. § 3553(a). See, e.g., United States v. Bush, 523 F.3d 727, 729 (7th Cir. 2008); United States v. Holt, 486 F.3d 997, 1004 (7th Cir. 2007).

Defendant's pre-sentence report ("PSR") adopted a base offense level of 36, U.S.S.G. § 2D1.1(c)(2), then subtracted 2 levels because defendant qualified for the safety valve, § 2D1.1(b)(11), and 3 levels for acceptance of responsibility, § 3E1.1. I found these calculations correct and adopted them without objection. I turned then to imposition of sentence under § 3553(a). Defendant requested a non-guideline sentence of 18 months, while the government advocated a term at the low end of the range. Under all of the circumstances, I found a sentence slightly below the range, a sentence of 84 months, sufficient but not greater than necessary. This memorandum sets forth the reasons for the sentence imposed.

## I. SECTION 3553(a) FACTORS

Section 3553(a) directs the court to consider:

(1)  the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)  the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)  the kinds of sentences available;

(4)  the advisory guideline range;

(5)  any pertinent policy statements issued by the Sentencing Commission;

(6)  the need to avoid unwarranted sentence disparities; and

(7)  the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The statute requires the court, after considering these factors, to impose a sentence that is sufficient but not greater than necessary to satisfy the purposes of sentencing set forth in § 3553(a)(2). Although the guidelines serve as the starting point and initial benchmark in making this determination, Gall v. United States, 128 S. Ct. 586, 596 (2007), the district court may not presume that the guideline sentence is the correct one, Rita v. United States, 127 S. Ct. 2456, 2465 (2007), or place any "thumb on the scale favoring a guideline sentence." United States v. Sachsenmaier, 491 F.3d 680, 685 (7th Cir. 2007). Rather, the court must make an

independent determination of what sentence is sufficient but not greater than necessary, taking into account the advisory guideline range, the relevant § 3553(a) factors, and any non-frivolous arguments presented by the parties in support of a particular sentence. United States v. Wilms, 495 F.3d 277, 282 (6th Cir. 2007).

## II. DISCUSSION

### A. Nature of Offense

Defendant and his brother, both Canadian nationals, conspired to distribute substantial quantities of ecstasy into the United States, specifically this district and the Middle District of Tennessee. They used various individuals to transport the drugs, including co-defendants Carlyle Vuong and Brenda Fathalla. The conduct came to light when, in February 2007, Customs agents stopped one of the couriers at the border with 43,000 ecstasy pills, and the courier agreed to cooperate. Wisconsin authorities, in a separate investigation, also developed a cooperator who sold ecstasy for the Vanxays in the Milwaukee area. Agents arrested defendant in April 2007 after he traveled to Tennessee and then Milwaukee to collect money and oversee a delivery. Agents seized an additional 50,000 pills at the time of defendant's arrest, and the parties agreed that defendant should be held responsible for nearly 100,000 tablets total, a substantial amount.

### B. Character of Defendant

Defendant was twenty-five years old and had no prior record. Born in Laos, he immigrated to Canada with his family as a child, where they became citizens. He described a good childhood. Aside from the influence of his older brother, a co-defendant in this case and currently a fugitive, I found it hard to see what led him to this offense. He graduated high

3

school in Canada and completed some post-secondary education, but compiled a fairly limited work record. He admitted some past use of marijuana and ecstasy, but he did not appear to have any significant substance abuse problems. He did make efforts to better himself while in custody on this case, working in the jail laundry and studying engine repair. He also debriefed with the government, providing all information he had about the case.

**C.    Guidelines and Purposes of Sentencing**

The guidelines called for a term of 108-135 months. Under all of the circumstances, I found a sentence slightly below that range sufficient to satisfy the purposes of sentencing under § 3553(a)(2). The offense was serious based simply on the drug weight; this was one of the largest ecstasy cases prosecuted in this district. However, the offense was not aggravated by violence, threats or weapon possession. Further, defendant became involved at the behest of his older brother, whom he looked up to as a father figure; the parties agreed that the brother was the more culpable actor, and defendant acted at his direction. Under these circumstances, I found that a sentence of 84 months provided just punishment for defendant's particular conduct. See 18 U.S.C. § 3553(a)(2)(A).

I also found such a sentence sufficient to protect the public. Again, defendant's involvement stemmed from his relationship with his brother; his lack of independent criminal propensity was manifested by his lack of any prior record.[1] See 18 U.S.C. § 3553(a)(2)(C). Finally, I found such a sentence sufficient to deter defendant from re-offending. As someone who had never been to jail before, a seven year term sent a powerful message. I also considered defendant's efforts to cooperate and better himself in the jail, which showed that

---

[1]His brother apparently had a record in Canada.

4

he was thinking about the future. Likewise, I found a seven year term sufficient to deter others considering involvement in the drug trade. See 18 U.S.C. § 3553(a)(2)(B).

These factors – defendant's lack of record, the greater role of his brother, and his efforts at self-improvement and atonement – supported a sentence a bit below the range. However, defendant's requested sentence was insufficient. Defendant attempted to compare himself to Vuong, whom I sentenced to 18 months. But Vuong was a mere courier; he received a minimal role reduction under U.S.S.G. § 3B1.2(a) and also benefitted from a substantial assistance motion from the government under U.S.S.G. § 5K1.1, guideline reductions not awarded this defendant. See United States v. Pisman, 443 F.3d 912, 916 (7th Cir.), cert. denied, 127 S. Ct. 413 (2006) (explaining that a lower sentence for one defendant based on cooperation does not create unwarranted disparity compared to the non-cooperating defendant). I also found unconvincing defendant's claim that he was little more than a courier himself, dispatched by his brother to Tennessee and Wisconsin. Defendant's tasks of collecting money in Tennessee and overseeing a significant shipment to a new buyer in Wisconsin suggested greater responsibility. Thus, defendant and Vuong were not comparable, legally or factually.

Defendant also sought consideration for his acceptance of responsibility and attempt to cooperate with the government. However, the guidelines accounted for these factors by providing for safety valve and acceptance of responsibility reductions. Post-Booker, I am certainly free to give greater consideration to such factors than the guidelines permit, but defendant pointed to nothing in his efforts justifying a sentence of little more than time served. I also found that a sentence of 18 months would unduly depreciate the seriousness of the offense, which involved a very large amount of ecstasy. This was a significant distribution chain, which operated across the border of two countries, and defendant, if not a leader, was

5

more than a bit player in it. Significant punishment was therefore necessary under § 3553(a)(2).

### III.  CONCLUSION

Therefore, I committed defendant to the custody of the Bureau of Prisons ("BOP") for 84 months. Because this sentence varied from the guideline range by only about 2 levels and was based on the particular facts of the case discussed herein, it created no unwarranted disparity. See 18 U.S.C. § 3553(a)(6). I recommended to the BOP that defendant participate in any drug treatment programs available and that he be favorably considered for transfer to a Canadian prison. Upon his release, I ordered defendant to serve two years of supervised release, with a drug aftercare and other conditions that appear in the judgment.

Dated at Milwaukee, Wisconsin, this 31st day of July, 2008.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge